## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

**DETRICK DEWAYNE HARRIS**                                    **PLAINTIFF**

**V.**                                    **NO. 4:16-CV-00006-DMB-SAA**

**STATE OF MISSISSIPPI, et al.**                                    **DEFENDANTS**

## ORDER OF DISMISSAL

This § 1983 pro se prisoner complaint is before the Court for a sua sponte consideration

of dismissal. "Both [28 U.S.C.] § 1915(e)(2)(B)(i) and § 1915A(b)(1) direct district courts to

dismiss a complaint that is frivolous." *Thompson v. Hayes*, 542 F. App'x 420, 421 (5th Cir.

2013). Under § 1915(e)(2)(B),[1] "[a] complaint containing both factual allegations and legal

conclusions is frivolous where it lacks an arguable basis either in law or fact." *Alfred v.

Corrections Corp. of Am.*, 437 F. App'x 281, 284 (5th Cir. 2011) (quoting *Neitzke v. Williams*,

490 U.S. 319, 325 (1989)). Under this standard, "a court may dismiss a claim ... if the facts

[alleged] are 'clearly baseless,' 'fanciful,' 'fantastic,' or 'delusional.'" *Id*. (quoting *Denton v.

Hernandez*, 504 U.S. 25, 34 (1992)). "District courts must construe *in forma pauperis*

complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), but are

given broad discretion in determining when such complaints are frivolous." *Hines v. Graham*,

320 F.Supp.2d 511, 515 (N.D Tex. 2004) (citing *Marcias v. Raul A. (Unknown) Badge No. 153*,

23 F.3d 94, 97 (5th Cir. 1994)).

In this case, Harris' complaint alleges that the "Federal Government/'Nuclear Regulatory

Committee'" and prison officials have, among other things: (1) allowed an "Instrument to

---

[1] "[W]hen reviewing a complaint for possible dismissal as frivolous under § 1915A(b)(1), a federal court applies the same legal standard as that used to dismiss claims as frivolous under § 1915(e)(2)(B)(i)." *Allen v. San Antonio Police Dep't*, No. SA-14-CA-614, 2014 WL 4691967, at *3 (W.D. Tex. Sep. 18, 2014) (citing *Morris v. McAllester*, 702 F.3d 187, 189 (5th Cir. 2012)).

approach [him] upon [his] left wrist area" and accuse him of offenses committed in Scott County, Mississippi, since 1993; (2) tampered with his left wrist with "nitrogen atoms" in a "cycle;" (3) placed a bar code on his wrist; and (4) tried to stop him "from receiving help for the Radiation Outbreak." Doc. #1 at 4, 7. After carefully considering the contents of the pro se complaint and giving it the liberal construction required, the Court concludes that Harris' allegations are clearly baseless, fanciful, fantastic, and/or delusional. Accordingly, the complaint will be **DISMISSED**. A final judgment consistent with this opinion will be entered today.

      **SO ORDERED**, this 1st day of June, 2016.

                                   **/s/ Debra M. Brown**
                                   **UNITED STATES DISTRICT JUDGE**